UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE TROY MASON, JR.

v.   Case No.: 8:11-cv-2452-T-24-TGW
8:08-cr-536-T-24-TGW

UNITED STATES OF AMERICA

_____/

## ORDER

This cause comes before the Court on Petitioner Willie Troy Mason, Jr.'s motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (CV Doc. No. 1; CR Doc. No. 150). Because review of the motion and the file in the case conclusively shows that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. 28 U.S.C. § 2255(b).

## I. Background

On July 20, 2009, Petitioner pled guilty, pursuant to a plea agreement, to three charges: (1) Count One - conspiracy to commit robbery, (2) Count Two - robbery, and (3) Count Three - carrying and brandishing a firearm during a crime of violence or aiding and abetting another in doing so.[1] (CR Doc. No. 72). On December 11, 2009, Petitioner was sentenced to 87 months on Counts One and Two, to run concurrently, and 84 months on Count Three, to run consecutively, for a total of 171 months of imprisonment.[2] (CR Doc. No. 121).

Thereafter, Petitioner directed his counsel to file an appeal on his behalf and to raise the following four issues: (1) that his guilty plea was not voluntary, (2) that his sentence was not

---

[1] In return for pleading to those three counts, the Government agreed to dismiss the two remaining counts that Petitioner was charged with–an additional robbery count and an additional firearm count.

[2] He was also given 36 months of supervised release.

fair, (3) that his guilty plea was not knowingly and intelligently made, and (4) that his counsel had a conflict of interest. (CV Doc. No. 1). On appeal, Petitioner's counsel moved to withdraw from further representation during the appeal and filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). (CR Doc. No. 149). On September 27, 2010, the Eleventh Circuit granted Petitioner's counsel's motion to withdraw and affirmed Petitioner's conviction and sentence stating "Our independent examination of the entire record reveals no arguable issues of merit." (CR Doc. No. 149).

Petitioner did not file a petition for certiorari in the United States Supreme Court. (CV Doc. No. 1). Instead, on October 24, 2011, Petitioner timely submitted the instant § 2255 motion to the prison mailing system for filing with this Court.[3] (CV Doc. No. 1).

**II. Motion to Vacate Sentence**

Petitioner raises four grounds in his motion to vacate. In Ground One, Petitioner argues that his guilty plea was not voluntary, and thus his counsel was ineffective, because his counsel misrepresented the length of the sentence that he would receive if he entered into the plea agreement. In Ground Two, Petitioner argues that his guilty plea was not knowingly and intelligently entered into, and thus his counsel was ineffective, because his counsel refused to let him read the plea agreement before entering the guilty plea. In Ground Three, Petitioner argues that his counsel was ineffective, because he represented Petitioner before this Court and on appeal, and as a result, counsel refused to raise the issues of his own ineffectiveness on appeal, as directed by Petitioner. In Ground Four, Petitioner argues that he received an unfair sentence, because the sentence was longer than what his counsel promised him that his sentence would be.

---

[3]Petitioner's § 2255 motion was timely filed, because it was filed within one year after his conviction became final. The Eleventh Circuit affirmed Petitioner's conviction and sentence on September 27, 2010, and his conviction became final 90 days later (when the time for filing a petition for certiorari expired). Thus, his conviction became final on December 27, 2010, and he filed the instant motion within less than one year from that date.

However, as explained below, the Court rejects these arguments, because they directly contradict the plea agreement and the statements that Petitioner made during the guilty plea hearing.

### A. Standard of Review

In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel:

> First, the movant must show that counsel's performance was deficient. . . . Second, the movant must show that counsel's deficient performance prejudiced the defense. To prove prejudice, the movant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's unprofessional errors.

Patel v. U.S., 252 Fed. Appx. 970, 972 (11th Cir. 2007)(internal citations omitted).

The Court notes that "[t]here is a strong presumption that statements made during the plea colloquy are true." Patel, 252 Fed. Appx. at 975 (citation omitted). As a result, Petitioner "bears a heavy burden to show that his statements under oath were false." Id. (citation omitted).

### B. Ground One - Voluntariness of Plea

In Ground One, Petitioner argues that his guilty plea was not voluntary, and thus his counsel was ineffective, because his counsel misrepresented the length of the sentence that he would receive if he entered into the plea agreement. Specifically, Petitioner contends that: (1) shortly before July 10, 2009, counsel told Petitioner in a phone conversation that if he pled guilty, the Court would only sentence him to seven years; (2) when counsel brought Petitioner the plea agreement, counsel would not let him read it; and (3) on the day of the guilty plea hearing and on the day of sentencing, counsel told him to agree to everything the judge said or he would risk losing the seven year sentence. However, as explained below, the Court rejects Petitioner's argument that his guilty plea was not voluntary, because such an argument conflicts

with the terms of the plea agreement and the statements made by Petitioner, under oath, during the plea colloquy.

### 1. Terms of the Plea Agreement

The terms of the plea agreement clearly provided the following: (1) Count One (conspiracy to commit robbery) carried a sentence of up to 20 years of imprisonment; (2) Count Two (robbery) carried a sentence of up to 20 years of imprisonment; (3) Count Three (carrying a firearm during the robbery) carried a *mandatory minimum* sentence of 7 years of imprisonment (up to life imprisonment), and *the sentence on this count would run consecutive to any other sentence imposed*; (4) the Government would recommend to the Court that Petitioner be sentenced at the high end of the final, adjusted applicable Guidelines range and Petitioner agreed not to oppose such a sentence; (5) Petitioner waived his right to appeal or challenge his sentence collaterally on any ground[4] (with three exceptions not implicated by the grounds raised in the instant § 2255 motion); and (6) Petitioner agreed that he was entering into the plea agreement freely, voluntarily, and not in exchange for any promises other than those contained in the plea agreement.

### 2. Guilty Plea Hearing

At the guilty plea hearing, the Court carefully reviewed the plea agreement with Petitioner as well as his decision to enter a guilty plea. Specifically, the Court went over the following with Petitioner:

---

[4]The Court notes that the appeal waiver does not bar Petitioner's ineffective assistance of counsel claims regarding the validity of his guilty plea. See Patel v. U.S., 252 Fed. Appx. 970, 975 (11th Cir. 2007).

| | |
|---|---|
| THE COURT: | Does [your initials on each page of the plea agreement] indicate that you and your lawyer have gone over each page of the plea agreement? |
| DEFENDANT: | Yes, sir. |
| THE COURT: | After you and your lawyer went over each page of the plea agreement, did you understand each page of the plea agreement? |
| DEFENDANT: | Yes. |

\* \* \*

| | |
|---|---|
| THE COURT: | Was there ever a point when you read the plea agreement by yourself? |
| DEFENDANT: | Yes, sir. |
| THE COURT: | Did you have any trouble reading that? |
| DEFENDANT: | No, sir. |

\* \* \*

| | |
|---|---|
| THE COURT: | You're represented by Mr. Secular. Have you had a full opportunity to discuss this case with him? |
| DEFENDANT: | Yes, sir. |

\* \* \*

| | |
|---|---|
| THE COURT: | In particular, did he explain the three charges in Counts One, Two and Three to you? |
| DEFENDANT: | Yes, sir. |

\* \* \*

| | |
|---|---|
| THE COURT: | The penalties for these offenses are set out at the beginning of the plea agreement in Paragraph 2, and that indicates that Counts One and Two concerning the conspiracy to rob and the robbery -- that they each have a maximum sentence of 20 years in prison. Do you understand that? |
| DEFENDANT: | Yes, sir. |

\* \* \*

| | |
|---|---|
| THE COURT: | With respect to Count Three, that has a minimum mandatory term of seven years in prison. Do you understand that? |
| DEFENDANT: | Yes, sir. |

| | |
|---|---|
| THE COURT: | Furthermore, it has a maximum sentence of life in prison. Do you understand that? |
| DEFENDANT: | Yes, sir. |
| THE COURT: | And that sentence must run consecutive to the sentences on Counts One and Two, that is, in addition to that. Do you understand that? |
| DEFENDANT: | Yes, sir. |

\* \* \*

| | |
|---|---|
| THE COURT: | . . . In Paragraph 7 [of the plea agreement] the government indicates that it will recommend that you be sentenced at the high end of the guideline range as determined by the Court under the guidelines as adjusted by any departure the government has agreed to recommend, and you've agreed not to oppose such a sentence. But it goes on to say if for some reason the Court does not do that, you would not have a right to withdraw your plea of guilty. Do you understand that? |
| DEFENDANT: | Yes, sir. |

\* \* \*

| | |
|---|---|
| THE COURT: | Okay. What this is saying is when you get to sentencing and the guideline ranges are being discussed that you agree with respect to the sentences on Counts One and Two that they be at the high end of the guideline range that's determined and that you're not going to suggest for some lesser sentence. |

\* \* \*

| | |
|---|---|
| THE COURT: | And [you understand] that [paragraph 5 of the plea agreement] includes being unable to come back and complain that your lawyer was somehow ineffective with respect to the guidelines. Do you understand that? |
| DEFENDANT: | Yes, sir. |

\* \* \*

| | |
|---|---|
| THE COURT: | And are you agreeing to it freely and voluntarily as part of this plea agreement? |
| DEFENDANT: | Yes, sir. |

\* \* \*

| | |
|---|---|
| THE COURT: | . . . So other than what's in the plea agreement . . ., has anyone promised you anything in order to get you to plead guilty? |
| DEFENDANT: | No, sir. |

\*       \*       \*

| | |
|---|---|
| THE COURT: | And are you pleading guilty freely and voluntarily? |
| DEFENDANT: | Yes, sir. |

(CR Doc. No. 135, p. 6-7, 12, 17-19, 23-24, 31-33). Thereafter, the Court again questioned Petitioner regarding whether he was voluntarily pleading guilty and whether anyone had promised him anything in return for pleading guilty:

| | |
|---|---|
| THE COURT: | All right. Let me just recap here. Are you pleading guilty freely and voluntarily? |
| DEFENDANT: | Yes, sir. |

\*       \*       \*

| | |
|---|---|
| THE COURT: | Other than what's set out in the plea agreement . . ., has anyone promised you anything in order to get you to plead guilty? |
| DEFENDANT: | No. |

(CR Doc. No. 135, p. 34-35).

### 3.  Promise of a Seven Year Sentence

Petitioner first argues that his plea was not voluntary, because his counsel promised him that he would only receive a seven year sentence. However, based on the plea agreement and Petitioner's statements during the guilty plea hearing, the Court rejects this argument. Specifically, the Court asked Petitioner twice during the guilty plea hearing whether he was promised anything beyond what was stated in the plea agreement, and both times Petitioner responded that he had not been promised anything. Given Petitioner's sworn testimony during the plea colloquy, his ineffective assistance of counsel claim fails. See Patel, 252 Fed. Appx. at 975; Williams v. U.S., 2010 WL 4941962, at *4 (M.D. Ala. Nov. 2, 2010), adopted by 2010 WL 4932728 (M.D. Ala. Nov. 30, 2010).

Furthermore, even if the Court accepted as true Petitioner's allegation that his counsel's performance was deficient in that counsel promised him that if he pled guilty, he would only get a seven year sentence, the Court finds that Petitioner cannot show prejudice because the Court made it clear to Petitioner prior to accepting his guilty plea that: (1) Counts One and Two each had a maximum sentence of 20 years of imprisonment; (2) Count Three had a minimum mandatory term of 7 years; (3) the sentence for Count 3 had to run consecutive to the sentence for Counts One and Two; and (4) the Government would recommend a sentence at the high end of the Guidelines range, and pursuant to the plea agreement, Petitioner agreed not to oppose such a sentence. As such, there was no basis for Petitioner to rely on the purportedly promised seven year sentence, since the Court's explanation of the sentence that he was facing undermined the reliability of such a promise. Therefore, since there was no basis for Petitioner to rely on the allegedly promised seven year sentence, the Court finds that Petitioner cannot show that he was prejudiced by the alleged promise.

### 4. Refusal to Allow Petitioner to Read the Plea Agreement

Next, Petitioner argues that his plea was not voluntary because he was not given an opportunity to read the plea agreement. Again, based on Petitioner's statements during the guilty plea hearing, the Court rejects this argument. Specifically, the Court asked Petitioner whether his attorney went over every page of the plea agreement with him and whether he understood each page of the plea agreement; Petitioner responded yes to both questions. Furthermore, even if counsel refused to let Petitioner read the plea agreement, Petitioner cannot show prejudice, because the Court went through and explained all of the material terms of the plea agreement prior to accepting his guilty plea.

### 5. Counsel's Directive to Agree with the Judge

Next, Petitioner argues that his plea was not voluntary because, on the day of the guilty plea hearing and on the day of sentencing, counsel told him to agree to everything the judge said or he would risk losing the seven year sentence. The Court rejects this argument because

8

Petitioner's responses to the Court were made under oath, and as such, he cannot simply file a § 2255 motion claiming that such statements were not truthfully made. Furthermore, with regard to Petitioner's contention that counsel directed him to agree to everything the judge said on the day of his sentencing, the Court notes that Petitioner had already pled guilty prior to that date, so any directives given by counsel on the day of sentencing could not have led to Petitioner's decision to enter into the plea agreement and to plead guilty.

### 6. Conclusion Regarding Voluntariness

Based on the above, the Court rejects Petitioner's argument that his guilty plea was not voluntary. Accordingly, the Court finds that Petitioner is not entitled to any relief under Ground One of his § 2255 motion.

### C. Ground Two - Whether the Guilty Plea was Knowingly and Intelligently Made

In Ground Two, Petitioner argues that his guilty plea was not knowingly and intelligently entered into, and thus his counsel was ineffective, because counsel refused to let him read the plea agreement before entering the guilty plea. However, as previously explained in the Court's analysis of Ground One, the Court rejects this argument based on the conflicting statements made by Petitioner, under oath, during the plea colloquy. Furthermore, even if counsel refused to let Petitioner read the plea agreement, Petitioner cannot show prejudice, because the Court went through and explained all of the material terms of the plea agreement prior to accepting his guilty plea. Accordingly, the Court finds that Petitioner is not entitled to any relief under Ground Two of his § 2255 motion.

### D. Ground Three - Counsel's Alleged Conflict of Interest

In Ground Three, Petitioner argues that his counsel was ineffective, because he represented Petitioner before this Court and on appeal, and as a result, counsel refused to raise the issues of his own ineffectiveness on appeal, as directed by Petitioner. Specifically, Petitioner directed counsel to file an appeal raising the following four issues: (1) that his guilty plea was not voluntary, (2) that his sentence was not fair, (3) that his guilty plea was not knowingly and

intelligently entered into, and (4) that his counsel had a conflict of interest. Instead of raising these issues as directed by Petitioner, counsel moved to withdraw and Petitioner's conviction and sentence were affirmed.

The Court rejects Petitioner's argument that counsel's alleged conflict of interest is a basis for relief, because this argument is based on Petitioner's contention that counsel was ineffective for failing to file an appeal outlining his own ineffectiveness. However, claims of ineffective assistance of counsel are generally not considered for the first time on direct appeal. See Thomas v. U.S., 572 F.3d 1300, 1304-05 (11th Cir. 2009)(citation omitted). Accordingly, the Court finds that counsel was not ineffective for failing to pursue Petitioner's ineffective assistance of counsel claims relating to the validity of his guilty plea on direct appeal. Additionally, since Petitioner raised those same ineffective of assistance of counsel claims in the instant § 2255 motion, the Court finds that there could be no prejudice, because this Court has found all of those claims to be wholly without merit. The Court also notes that at the sentencing hearing and after sentence was imposed, Petitioner was asked whether he was satisfied with the representation of his attorney, and he stated that he was. As such, the Court finds that Petitioner is not entitled to any relief under Ground Three of his § 2255 motion.

### E. Ground Four - Fairness of Sentence

In Ground Four, Petitioner argues that he received an unfair sentence, because the sentence was longer than what his counsel promised him that his sentence would be. Specifically, Petitioner contends that he entered the guilty plea based on his counsel's misrepresentation that he would only receive a seven year sentence. Further, Petitioner contends that had he known that he would receive a fourteen year sentence due to his sentence on the firearm count running consecutively to his sentence on the other two counts, he would not have pled guilty. However, as previously explained in the Court's analysis of Ground One, the Court rejects this argument based on the plea agreement which stated the penalty on the firearm count was seven years consecutive, the conflicting statements made by Petitioner, under oath, during

the plea colloquy that nothing had been promised to him, and due to the Court's thorough explanation of the sentence including the seven year consecutive sentence for the firearm count that he was facing if he pled guilty.  Accordingly, the Court finds that Petitioner is not entitled to any relief under Ground Four of his § 2255 motion.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's § 2255 motion is **DENIED**.  The Clerk is directed to enter judgment against Petitioner in the civil case and then to close that case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability ("COA"). Id.  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)).  Petitioner has not made the requisite showing in these circumstances.  Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of November, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record